IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
|         Plaintiff, | ) |
| v. | ) Civil Action No. 04-1417-KAJ |
| FIRST CORRECTIONAL MEDICAL SERVICES, | ) |
|         Defendant. | ) |

## MEMORANDUM ORDER

Plaintiff, Richard C. Hunt ("Hunt"), is a *pro se* litigant who is presently incarcerated at the Howard R. Young Correctional Institute ("H.R.Y.C.I.") in Wilmington, Delaware. He filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I.     STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Hunt is eligible for pauper status. The Court granted Hunt leave to proceed *in forma pauperis* on November 19, 2004. (Docket Item ["D.I."] 4.) In that same order, the Court assessed Hunt a $150.00 filing fee, and ordered Hunt to pay a partial filing fee of $4.81 and file an authorization form within

thirty days. Hunt filed the authorization form on November 29, 2004. (D.I. 5.) The filing fee has not yet been received.[1]

Once the pauper determination is made, the Court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[2] If the Court finds Hunt's complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as the appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City*

---

[1] In the November 19, 2004 order, I noted that Hunt had failed to sign his complaint, and instructed him to file a signed complaint pursuant to Fed. R. Civ. P. 11 within thirty days. It is unclear from the record whether Mr. Hunt filed a signed copy of his original complaint. However, Hunt did sign the copy of his amended complaint. (D.I. 6.) I therefore urge Hunt to ensure that a signed copy of his original complaint is a part of the record in this case, lest his complaint be dismissed under Fed. R. Civ. P. 11.

[2] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the Court to dismiss an *in forma pauperis* complaint at any time, if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the Court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that, as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[3] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id.* As discussed below, Hunt's complaint has an arguable basis in law and in fact, and therefore shall not be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II.    DISCUSSION

Hunt filed his complaint alleging that Defendant First Correctional Medical Services ("FCMS") "was neglagent (sic) in their duty to assist Plaintiff in proper care in a timely manner, due to assault by a C/O EMIG." (D.I. 2 at 3.) On November 28, 2004, Hunt filed a motion to amend his original complaint, attempting to "better clarify the issues." (D.I. 6.) Under Federal Rule of Civil Procedure 15(a), "[a] party may amend

---

[3] *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15. Therefore, Hunt's motion for leave to amend his complaint is granted, and the allegations of the November 28 motion will be considered in deciding this motion.[4]

In the November 28 filing, Hunt more specifically alleges violations of his Constitutional rights by FCMS. Hunt alleges that on September 17, 2004, his jaw was broken, and that he notified medical staff of that injury the following day through "sick call" forms. (D.I. 6 at 2.) According to Hunt, his jaw was X-rayed on September 20, and it was confirmed that his jaw was, in fact, broken. (*Id.*) However, Hunt was not taken to Christiana Hospital for treatment until October 18, 2004, and "didn't receive any treatment until Oct. 20.04." (*Id.*) Hunt claims that these facts show that FCMS was deliberately indifferent to his medical needs. (*Id.*)

Although he does not explicitly state it, Hunt is alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment. Under the Eighth Amendment, the prison system must "provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999), *accord Estelle v. Gamble*, 429 U.S. 97 (1976). However, a claim alleging negligence that would be sufficient to constitute medical malpractice is not enough to state a constitutional claim. *Estelle*, 429 U.S. at 106. Instead, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

---

[4] In his amended complaint, Hunt both sets out the relevant facts with more particularity, and adds two additional defendants, Corrections Commissioner Stan Taylor ("Taylor") and Warden Raphael Williams ("Williams"). (D.I. 6 at 2.) Because I am granting this motion, Taylor and Williams are added to this suit as defendants.

serious medical needs." *Id.* Therefore, in order to state a claim, Hunt must show "(1) that the defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse*, 182 F.3d at 197.

Deliberate indifference "constitutes the 'unnecessary and wanton infliction of pain,'" and can be manifested by prison officials "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Here, Hunt's jaw was broken on September 17, 2004. (D.I. 6 at 2.) Prison officials, presumably including FCMS, knew that it was broken on September 20, 2004, when they had the results of the X-ray. (*Id.*) However, FCMS did not take Hunt to the hospital for treatment until October 18, about a month later. (*Id.*) This delay in treatment may or may not be sufficient to show deliberate indifference, but it is at least sufficient to be considered a non-frivolous claim at this point.

The Third Circuit has found that a serious medical need is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citations omitted). Several courts have recognized that a broken bone is a serious medical need. *See, e.g., Farrow v. West*, 326 F.3d 1235, 1247 (2003) (referring to broken bones as serious medical needs); *Andrews v. Hanks*, 50 Fed. App'x. 766, 769 (7th Cir. 2002) (noting that a broken wrist is a serious medical need). Assuming the accuracy of the facts Hunt has alleged, his broken jaw was therefore clearly a serious medical need. Therefore, Hunt has stated a claim that FCMS was deliberately indifferent to the serious

medical need of his broken jaw such that his complaint will not be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### III. CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that:

1. Hunt's complaint is not dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

2. Hunt's Motion to Amend the Complaint (D.I. 8) is GRANTED, and Stan Taylor and Raphael Williams are added to this action as defendants.

_____
UNITED STATES DISTRICT JUDGE

September 27, 2005
Wilmington, Delaware