IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1417-KAJ |
| | ) |
| FIRST CORRECTIONAL MEDICAL SERVICES, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 13th day of January, 2006;

IT IS ORDERED THAT:

1. Richard C. Hunt's ("Hunt") motion for an extension of time (D.I. 9) to file paperwork as required by the Court's order of September 27, 2005, is **GRANTED**. Hunt is given an additional ten days to submit the required forms.

2. Hunt's second application to proceed without payment of fees and affidavit (D.I. 10) is **DENIED** as **moot**. The Court previously granted Hunt leave to proceed *in forma pauperis* on November 9, 2004. *See* D.I. 4.

3. Hunt's motion for appointment of counsel (D.I. 12) is **DENIED** without prejudice to renew. Hunt, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint Hunt an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord* *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). Having reviewed Hunt's complaint, I find that his allegations are not of such a complex nature to warrant representation by counsel at this time.

/s/ *signature*
United States District Judge