# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-1417-*** |
| | ) |
| FIRST CORRECTIONAL MEDICAL | ) |
| SERVICES, STAN TAYLOR, and | ) |
| RAPHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

### STATE DEFENDANTS' MOTION TO CONSOLIDATE

State Defendants Stan Taylor and Raphael Williams ("State Defendants"), by the undersigned counsel, hereby move to consolidate the instant action, *Hunt v. FCM*, with the related matter pending in this Court, *Hunt v. Emig*, C.A. No. 06-324-***. In support of this Motion, State Defendants state as follows:

1.  *Hunt v. FCM* and *Hunt v. Emig* are prisoner civil rights actions arising from a series of events which occurred at Howard R. Young Correctional Institution ("HRYCI"). In the original Complaint in *Hunt v. FCM*, filed on November 3, 2004, Plaintiff alleged that First Correctional Medical ("FCM") failed to provide him with proper and timely care in connection with an assault by Correctional Officer Emig. [D.I. 1]. In the Amended Complaint, Plaintiff specified that his jaw was broken on September 17, 2004 at HRYCI [D.I. 6]. He alleged that medical staff was deliberately indifferent to his medical needs related to his broken jaw. He also asserted that the Commissioner of the Department of Correction, Defendant Stan Taylor, and HRYCI Warden, Defendant Raphael Williams, were aware of his medical situation and elected not to intervene.

2. All three defendants in *Hunt v. FCM* were served with the Amended Complaint. [D.I. 19, 20, 22]. State Defendants answered the Amended Complaint on April 4, 2006. [D.I. 24]. To date, FCM has not entered an appearance. There is no scheduling order or trial date in *Hunt v. FCM*.

3. The Complaint in *Hunt v. Emig,* C.A. No. 06-324-***, was filed on May 18, 2006. [D.I. 2]. Plaintiff alleged that on September 17, 2004, he was struck in the jaw by Defendant Correctional Officer Brian Emig.[1] He claimed that, although he reported the incident to a supervisor, he did not receive medical care that evening. He was subsequently diagnosed with a fractured jaw. *Id.*

4. There is a Scheduling Order in place in *Hunt v. Emig* [D.I. 20]. The discovery cut-off is May 1, 2007, dispositive motions are due June 1, 2007 and a two day jury trial is scheduled for December 17, 2007.

5. Rule 42(a) of the Federal Rules of Civil Procedure provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

6. Rule 42(a) gives this Court broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice. *Ellerman Lines. Ltd. v. Altantic & Gulf Stevedores, Inc.,* 339 F.2d 673, 675 (3d Cir. 1964), *cert. denied,* 382 U.S. 812 (1965). The mere existence of common issues, a requirement for consolidation, does not mandate consolidation. *Rohm & Haas Co. v. Mobil Oil*

---

[1] Plaintiff also named Officer D'Anglo as a defendant. He was dismissed from the case by Court order. [D.I. 7].

*Corp.,* 525 F. Supp. 1298, 1309 (D. Del. 1981). Rather, the savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that may result from simultaneous disposition of the separate cases. *Id.* The proper administration of justice requires that matters be resolved without unnecessary cost or delay. *Id.*

7.  Richard Hunt is the plaintiff in both *Hunt v. Emig* and *Hunt v. FCM*. The cases arise from the same factual setting: Plaintiff claims that he was assaulted by Officer Emig and that he subsequently was denied proper medical care. Both cases will necessarily address how the injury occurred, the nature of the injuries, and the nature of the medical treatment. In addition, there will be significant discovery overlap, particularly in terms of the medical treatment and Plaintiff's claimed damages. Overlapping parties, similar claims based on common facts and transactions, and discovery overlap all weigh in favor of consolidation. *See U.S. v. Dentsply Intern., Inc.,* 190 F.R.D. 140, 143 (D. Del. 1999); *Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991).

8.  Further, because the claims in the two cases are similar, and the parties and discovery overlap, consolidation will save time and effort and avoid inconvenience, delay and expense.

9.  Thus, for the reasons set forth herein, *Hunt v. FCM* and *Hunt v. Emig* should be consolidated pursuant to Fed. R. Civ. P. 42(a).

WHEREFORE, State Defendants respectfully request that this Honorable Court grant their Motion to Consolidate and enter an Order in the form attached hereto.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Eileen Kelly
Eileen Kelly, I.D. No. 2884
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE  19801
eileen.kelly@state.de.us
(302) 577-8400
Attorney for State Defendants

Dated:  January 9, 2007

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD C. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1417-*** |
| | ) | |
| FIRST CORRECTIONAL MEDICAL SERVICES, STAN TAYLOR, and RAPHAEL WILLIAMS, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

**IT IS SO ORDERED,** this _____day of _____, 2007, that State Defendants' Motion to Consolidate is hereby **GRANTED.**

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2007, I electronically filed *State Defendants' Motion to Consolidate* with the Clerk of Court using CM/ECF.  I hereby certify that on January 9, 2007, I have mailed by United States Postal Service, the document to the following non-registered party: Richard Hunt.

        /s/ Eileen Kelly
        Deputy Attorney General
        Department of Justice
        820 N. French St., 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        eileen.kelly@state.de.us