IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1417-*** (MPT) |
| | ) |
| FIRST CORRECTIONAL MEDICAL, | ) |
| SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The Plaintiff, Richard C. Hunt ("Hunt"), an inmate at the Howard R. Young Correctional Institute ("H.R.Y.C.I."), is a *pro se litigant* proceeding *in forma pauperis*. He recently filed a motion to appoint counsel. (Docket Item [D.I.] 12.) For the reasons contained herein, Hunt's motion is denied.

Hunt filed his complaint alleging that defendant First Correctional Medical Services ("FCMS") "was neglagent (sic) in their duty to assist Plaintiff in proper care in a timely manner, due to assault by a C/O EMIG." (D.I. 2 at 3.) On November 28, 2004, Hunt filed a motion to amend his original complaint, attempting to "better clarify the issues." (D.I. 6) Hunt's motion to amend was granted. (D.I. 7.) In its Memorandum Order of September 27, 2005, the allegations contained in the November 28 motion were considered in deciding whether Hunt's claim was not frivolous.

In the November 28, filing, Hunt more specifically alleges violations of his Constitutional rights by FCMS. Hunt alleges that on September 17, 2004, his jaw was broken, and that he notified medical staff of that injury the following day through "sick call" forms. (D.I. 6 at 2.) According to Hunt, his jaw was X-rayed on September 20, and

it was confirmed that the jaw was, in fact, broken. (*Id.*) However, Hunt was not taken to Christiana Hospital for treatment until October 18, 2004, and "didn't receive any treatment until Oct. 20.04." (*Id.*) Hunt claims that these facts show that FCMS was deliberately indifferent to his medical needs. (*Id.*)

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28 U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984). Before a court utilizes this discretion, though, it must first determine whether the plaintiff's claim has some arguable merit in fact and law. *Id*. At 155. In a previous order, the court found that Hunt raised what appear to be cognizable Eighth Amendment claims against defendants.. (D.I. 7 at 5-6) Thus, Hunt's claims have arguable merit.

Having met this threshold issue, the factors delineated in *Tabron* to determine whether appointment of counsel is appropriate are examined. The non-exhaustive list of factors to consider are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain

and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

There are presently no circumstances in this case that make it appropriate for this Court to appoint counsel for Hunt at this time. Thus far, Hunt has done an adequate job in presenting his case. He filed a comprehensive complaint and subsequent motions with the court. Moreover, the allegations or legal issues are not sufficiently complex to warrant appointment of counsel.

Although Hunt argues that his ability to adequately represent himself is limited for various reasons,[1] his pleadings to date belie this argument. His submissions to date indicate more than adequate ability and no substantial disability in presenting his own case.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Hunt's motion to appoint counsel (D.I. 12) is DENIED without prejudice with leave to refile.

_____
UNITED STATES MAGISTRATE JUDGE

January 9, 2007
Wilmington, Delaware

---

[1] Hunt claims that he cannot adequately represent himself because he is incarcerated, unskilled in the law, is limited in his access to the law library, that counsel is needed for effective examination and cross-examination, and that his attempts to obtain private counsel have been to no avail.