IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD C. HUNT,
    Plaintiff,

C.A. No. 04-1417-~~GMS~~

V.

FIRST CORRECTIONAL MEDICAL SERVICES, STAN TAYLOR, and RAPHAEL WILLIAMS,
    Defendants.



FILED
MAY -3 2007
BP scanned

## MOTION FOR Appointment of Counsel

    Plaintiff, pro se, request this Honorable Court appoint counsel to represent plaintiff because of the following:

1). The administration at the Delaware Correctional Center where plaintiff is being held limits time and equal access to defense tools like others have the prosecutor, non-indigents and non-imprisoned. U.S.C.A. CA., 1st, 6th, 8th and 14th violations by government employees.

2). Constitutional violations include illegal abridgement of

due process and equal protection of the laws. U.S.C.A., CA. 14th. Denial of timely access to redress grievances. U.S.C.A., CA. 1st violations by government employees.

3). Counsel should be appointed because of complexity of case, handicaps imposed by state employees inabilities to fundamentally fair proceedings and to prevent any further obstruction of justice. U.S.C.A. CA. 6th, 8th, 14th violations by government employees.

4). Counsel should be appointed because of grave injustices including fraudulent representation of this case to the courts. U.S.C.A. CA. 6th, 8th, 14th violations by state employees.

5). The right to appointed counsel attaches prior to the filing of a formal legally sufficient habeas corpus petition. McFarland v. Scott, 512 U.S. 849, 855 (1994). Citizen only filed an application and wishes to amend with counsel, denial of it is pre-mature.

6). Counsel should be appointed in this case in the interest of justice and since petitioner is financially unable to afford counsel and already granted indigency by the Court.

7). Petitioner requires the guiding hand of counsel at every step in the proceedings against him (Powell v. Alabama, 53 S.Ct. 55 63 64), as the facts and laws of his may be underdeveloped. U.S. v. Male, 7 F.3d 1058, 1064 (1st Cir. 1993).

8). Exceptional circumstances are not neccessary for appointment of counsel. Tabron v. Grace, 6 F.3d 147 (CA.3 Pa.1993).

9). The McFarland Court emphasized a habeas petitioner's need for the assistance of counsel in avoiding the

pitfalls of heighted pleading requirements, the doctrines of procedural default and waiver, summary dismissal. Given these traps for the [citizen], the court found that providing counsel prior to the filing of a motion was the only way to make the provision of counsel meaningful. Calderon v. U.S. Dist. Court, 98 F.3d 1102, at 1108 (9th Cir. 1992).

10). Appointment of counsel would serve the best interest of justice for the reasons stated in plaintiff's motions and yet undiscovered defenses due to the illegal obstruction to information at Delaware Correc-Center by government employees, which has thus far caused prejudice to plaintiff's case.

Therefore, plaintiff respectfully request this Court grant his motion for appointment of counsel.

4·30·07
Date:

*Richard C. Hunt*
Signature

Richard C. Hunt
S.B.I. 274714
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## Certificate of Service

I, Richard C. Hunt, hereby certify that I have served a true And correct cop(ies) of the attached: Motion For Appointment Of Counsel upon the following parties/person (s):

TO: Eileen Kelly
Deputy Attorney General
Department of Justice
820 N. French St., 6th Floor
Wilmington, DE 19801

TO: U.S. District Court
Lockbox 18
Boggs Federal Building
844 King Street
Wilmington, DE 19801

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this 30th day of April, 2007

Richard C. Hunt

I/M Richard Hunt
SBI# 274714 UNIT DW-C*26
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



United States District Court
District of Delaware
U.S. Courthouse
Wilmington, Delaware
19801

