IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD C. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1417 *** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL SERVICES, et al. | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**FIRST CORRECTIONAL MEDICAL SERVICES'
MOTION TO DISMISS**

Pursuant to F.R.C.P. 12 (b)(6), defendant First Correctional Medical Services ("FCM") moves the court for an order dismissing all claims in the complaint against them on the grounds that the complaint fails to state a claim upon which plaintiff may recover. In support of its motion, FCM offers the following:

Background

1. Plaintiff is an inmate in the Delaware correctional system.

2. First Correctional Medical Delaware - LLC[1] was the health care provider for the Delaware correctional system from July 1, 2002 to June 30, 2005.

3. Plaintiff filed his complaint on November 3, 2004. D.I. 2. Plaintiff filed an amended complaint on December 1, 2004. D.I. 6.

4. In his complaints, plaintiff alleges civil rights violations pursuant to 42 *U.S.C.* §1983 against FCM in connection with alleged improper medical treatment.

---

[1] Plaintiff has named First Correctional Medical Services as the defendant in this matter. No such entity exists. The health care provider for the State of Delaware prison system from July 1, 2002 through June 30, 2005 was First Correctional Medical - Delaware, LLC.

Legal Standards

5. There is no vicarious liability for civil rights claims. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2-3, Robinson, C.J. (D.Del. Feb. 6, 2003) (copy attached as Exhibit 1). Personal involvement by a defendant is required. *Id.*, mem. op. at 3.

6. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

7. Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

8. Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson*, mem. order at 2 (citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a)).

9. Under these legal standards, defendant FCM submits that dismissal is warranted because plaintiff's complaint fails to state a claim against them upon which relief could be recovered.

Plaintiff has Failed to State a Claim against the FCM Defendants

10. Plaintiff has named FCM as a defendant in this matter. However, plaintiff has failed to identify any individual who is responsible for the alleged negligence in his complaint. Personal involvement by a defendant is a prerequisite to filing suit. *Hyson*, mem. order at 3. There is no vicarious liability for civil rights actions, so the complaint fails to state a claim against FCM. *Id.*

Plaintiff has Failed to File an Affidavit of Merit

11. Plaintiff's complaint was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

<u>Plaintiff Failed to Exhaust Administrative Remedies</u>

12. Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. Plaintiff asserts in his initial complaint that he "filed a grievance on this matter" and notes that the grievance was "still pending" at the time of the filing of the complaint. D.I. 2. Additionally, although plaintiff does not state the date he filed a grievance on this matter, it should be noted that the complaint was filed less than seven weeks after the initial injury - hardly allowing time for the grievance process to be utilized. Plaintiff makes no mention of filing a grievance or the result of any pending grievances in the Amended Complaint, D.I. 6. Therefore, by his own statements, plaintiff fails to establish that the administrative process was complete and thus, plaintiff failed to exhaust all administrative remedies. In the absence of proof of exhaustion of all administrative remedies, plaintiff's complaint must be dismissed. *Hyson*, mem. order at 3.

<u>Conclusion</u>

13. For the above reasons, the FCM respectfully requests that all claims against them be dismissed with prejudice.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendant First Correctional Medical Services

Dated: May 7, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD C. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1417 *** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL SERVICES, et al. | ) ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, do hereby certify that on this date two copies of **Motion to Dismiss** were served by first class mail, postage prepaid, and electronic service on the following individuals:

*Via First Class Mail*
Richard C. Hunt
SBI# 274714
Delaware Correctional Center
1181 Paddock Rd.
Smyrna, DE 19977

*Via Electronic Service*
Eileen Kelly, Esquire
Department of Justice
820 N. French St., 6th Fl.
Wilmington, DE 19801

/s/ Dana Spring Monzo
Daniel L. McKenty Del. Bar # 2689
Dana Spring Monzo Del. Bar # 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorney for Defendant First Correctional Medical Services

Dated: May 7, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD C. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-1417 *** |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST CORRECTIONAL MEDICAL SERVICES, et al. | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

## **ORDER**

And now this _____ day of _____, 2007, having considered First Correctional Medical Services' Motion to Dismiss and any opposition thereto,

It is HEREBY ORDERED that First Correctional Medical Services' Motion to Dismiss is granted.

_____
J.