IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-1417-*** (MPT) ) |
| FIRST CORRECTIONAL MEDICAL SERVICES, et al., | ) ) ) |
|       Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 19 day of September, 2007, having considered plaintiff's pending motions for appointment of counsel;;

IT IS ORDERED that plaintiff's motions for appointment of counsel (D.I. 27, 42) are **denied** without prejudice, for the reasons that follow:

1. Plaintiff, an inmate at the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se, and was granted leave to proceed in forma pauperis. He seeks appointed counsel on the bases that certain aspects of the case are beyond his understanding, he is not receiving proper medical treatment, he needs assistance with discovery, the case is complex, he is financially unable to afford counsel, and appointed counsel would serve the interests of justice.

2. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d

Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

    3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

    4. In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. The motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure and, to date, plaintiff has adequately represented himself. Also, this is not a complex case. Finally, at this time there are no circumstances to warrant appointment of counsel.

                                                              UNITED STATES MAGISTRATE JUDGE

-2-