# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD HUNT | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1417-*** |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

Defendants Stan Taylor, Raphael Williams and Brian Emig ("State Defendants"), by and through their undersigned counsel, hereby oppose Plaintiff Richard Hunt's ("Hunt") motion for temporary restraining order. In support of their position, State Defendants represent as follows:

1.    Hunt is a sentenced inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. On or about May 18, 2006, Hunt filed a Complaint pursuant to 42 U.S.C.§1983 with leave to proceed *in forma pauperis* alleging Eighth and Fourteenth Amendment violations against Brian Emig, a DOC Correction Officer. (D.I.2. of 06-cv-00324-***). On April 23, 2007, the action against Defendant Emig was consolidated with *Hunt v. First Correctional Medical Services*, 04-cv-01417-*** (which names Stan Taylor and Raphael Williams as defendants). (D.I.31 of 06-cv-00324-***).

2.    On October 18, 2007, Hunt was deposed by counsel for State Defendants and Defendant Correctional Medical Services ("CMS") at DCC. At that deposition, Hunt stated that

he had taken written notes while awaiting medical treatment for his jaw in 2004. *See Exhibit A, excerpts of the October 18, 2007 deposition.* Defendants asked for copies of these notes, and Hunt indicated that he would send them, as requested. *Id, page 64, lines 18-23.* Hunt said that he also had copies of "old motions" such as motions for appointment of counsel, in his possession. *Id, page 68, lines 18-22.*

3.      On October 29, 2007, counsel for State Defendants received the requested handwritten notes from Hunt. *Exhibit B* contains the documents in the order in which they were received. The last page of the mailing is a certificate of service dated October 22, 2007, identifying the mailing as "Production of Documents and Things to Defendant(s)." Contained within this Production of Documents mailing, on the fourteenth and fifteenth pages, is a handwritten "Motion for Temporary Restraining Order" dated October 11, 2004 and proposed order with the language "It is ordered on this day _____ of Oct. 2004." *Exhibit B, pages 14 and 15.* However, these two pages were docketed as D.I.61, a motion for a Temporary Restraining Order.

4.      It is the State Defendants' position that the motion docketed as D.I.61 was part of the Production of Documents produced to both defendants as a result of the October 18, 2007 deposition. In addition to the certificate of service for this mailing indicating such (*see Exhibit B, page 24*), both pages of the motion for temporary restraining order are dated October 2004.

5.      In the alternative, should the Court consider D.I.61 as a current request for emergency medical relief, State Defendants oppose the motion. To succeed upon a request for injunctive relief under Rule 65(b), it must be clear from "specific facts shown, by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed.R.Civ.P. 65(b). Additionally, the standard for granting a temporary restraining

order is the same standard that is applied for a preliminary injunction. *Bieros v. Nicola,* 857 F.Supp. 445, 446 (E.D.Pa.1994). Accordingly, the proponent must demonstrate the following: "1) a likelihood of success on the merits, 2) the probability of irreparable harm if the relief is not granted, 3) that granting injunctive relief will not result in even greater harm to the other party and 4) that granting relief will be in the public interest." *Id.* (citing, *Franks GMC Truck Center, Inc., v. G.M.C.,* 847 F.2d 100, 102 (3d Cir. 1988)).

6.      In his motion, Hunt requests "this court to issue a [sic] order compaling [sic] the Defendants to provide immediate medical attention as Indicated Here in." [D.I.61]. Hunt's motion presents nothing more regarding the medical care requested. *Id.*

7.      Hunt fails to show a likelihood of success on the merits, and presents no evidence supporting a need for immediate medical attention. The only reference to specific medical attention comes from the proposed order of Plaintiff's motion, requesting medical care within seven days and that such care be documented. Plaintiff has not filed a medical grievance at DCC in the past 60 days. *See Exhibit C, Affidavit of Captain Michael McCreanor.* Hunt's last request for medical services was filed more than 60 days ago, on September 10, 2007. *Exhibit D.* Accordingly, without further detail regarding the nature of any alleged medical emergency, Hunt has failed to demonstrate success on the merits of his medical claim.

8.      Hunt is also unable to address the second factor, irreparable harm if relief is not granted. The "requisite feared injury or harm must be irreparable—not merely serious or substantial" and "it must be of a peculiar nature, so that compensation in money cannot atone for it." *Glasco v. Hills*, 558 F. 2d 179, 181 (3d Cir. 1977). Additionally, the threat of harm must be immediate. Fed.R.Civ.P.65(b). It is unknown what harm Hunt will suffer, or why he requires medical attention "within 7 days." [D.I.61]

9.     The third factor that Hunt must demonstrate for injunctive relief to be granted, showing that the relief requested will not result in even greater harm to the other party, is notably absent from Hunt's motion.  Because Hunt fails to describe the specific relief requested and its impact on the DOC or State Defendants, he cannot prevail on this factor.

10.     Lastly, Hunt has not demonstrated how granting the requested relief is in the public interest.  Prison regulations are related to a legitimate penological interest, and thus favor the public interest.  Hunt's requested relief, to receive medical attention immediately without making an application for such treatment by filing a medical grievance or medical request slip, favors him alone and not the public interest.  Therefore, Hunt has failed to satisfy the factors for a temporary restraining order and his motion should be denied.

WHEREFORE, for the hereinabove reasons, State Defendants request the present motion be dismissed, as Hunt has not established the minimum criteria for a temporary restraining order.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ Catherine Damavandi
Catherine Damavandi (ID # 3823)
Deputy Attorney General
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for State Defendants

Dated: November 13, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on  November 13, 2007, I electronically filed *State Defendants'*

*Opposition to Plaintiff's Motion for Temporary Restraining Order* with the Clerk of Court using

CM/ECF, which will send notification of such filing to the following:

> Daniel L. McKenty
> Heckler & Frabizzio, P.A.
> 800 Delaware Avenue, Suite 200
> P. O. Box 128
> Wilmington, DE 19899

I hereby certify that on  November 13, 2007, I have mailed by United States Postal

Service, the document to the following non-registered participant:

> Richard C. Hunt, Inmate
> SBI #274714
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

> **STATE OF DELAWARE**
> **DEPARTMENT OF JUSTICE**

>   /s/ Catherine Damavandi_____
> Catherine Damavandi (ID # 3823)
> Deputy Attorney General
> State of Delaware
> Department of Justice
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Attorney for State Defendants