**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD C. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 04-1417-*** |
| | ) | |
| FIRST CORRECTIONAL MEDICAL | ) | JURY OF 12 DEMANDED |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
REQUEST FOR DISCOVERY MATERIALS**

Defendants Stan Taylor, Raphael Williams and Brian Emig ("Defendants")
hereby respond to Plaintiff's Request for Production of Documents and Things ("Request
for Production"):

**GENERAL OBJECTIONS**

1.      Defendants object to the Request for Production to the extent that it seeks
information or documents protected from disclosure by the attorney-client privilege, the
work product doctrine, or any other applicable privilege.

2.      Defendants object to the Request for Production to the extent that it
purports to require supplementation of these responses beyond that required by Federal
Rule of Civil Procedure 26(e).

3.      Defendants object to the Request for Production to the extent that it
purports to place duties upon them not set forth in, or contemplated by, the Federal Rules
of Civil Procedure.

4.      Defendants object to the Request for Production to the extent that it

purports to seek information or documents not in their possession, custody or control.

5.     Defendants object to the Request for Production to the extent that it seeks the production of documents equally available to Plaintiff or Plaintiff's counsel.  Such documents will be identified by Defendants, but will not be produced.

6.     Defendants object to the Request for Production to the extent that it purports to require production of information or documents which are impractical or unduly burdensome to reproduce.

7.     Defendants object to the Request for Production to the extent that it seeks the production of documents generated by or received from counsel for Defendants in connection with this litigation on or after the date of the acceptance of representation on the grounds that such documents are protected by attorney-client and work product privileges.

## RESPONSES

Subject to, and without waiver of the foregoing General Objections and those set forth in Defendants' Responses, Defendants respond, after a reasonable search, and subject to supplementation, as follows:

A.

1.     An opportunity to inspect and copy or photograph any books, papers, documents, tangible objects or copies of portions thereof, which are within the possession, custody or control of the Defendants which Defendants intend to introduce as evidence in chief at the trial or which were prepared by a witness whom the Defendants intend to call at the trial when results or reports relate to that witness testimony.

**RESPONSE:**  Objection.  This Request is premature, vague, overly broad, and unduly

burdensome.  It also seeks the production of information protected by the attorney-client privilege and work-product doctrine, and information not within the knowledge or control of the State Defendants.  State Defendants will supplement this Response as required by the Federal Rules of Civil Procedure.

2. Disclosure of any evidence the Defendants may present at trial under rules 702, 703 or 705 of the Delaware Uniform Rules of Evidence and Fed. Evidence Procedures including the identity of witness and the substance of the opinions to be expressed.

**RESPONSE:** Objection.  This Request is premature.  State Defendants will supplement this Response as required by the Federal Rules of Civil Procedure.

B.

1. Plaintiff's medical record from September 1, 2004 to February 23, 2005 entries.

**RESPONSE:** Medical Records to be supplied.

2. Plaintiff asks also for "logbook entries for 2A, 2B tier unit on September 17 through September 20, 2004.

**RESPONSE:** Objection to the extent that you request documents privileged and subject to protection from disclosure pursuant to 11 *Del. C.* §4322.

3. Plaintiff asks also for his "PLRA exhaust administrative remedies."

**RESPONSE:** Defendants do not understand the question and therefore are unable to respond.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Catherine Damavandi
Catherine Damavandi, I.D. 3823
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
catherine.damavandi@state.de.us
Attorney for State Defendants

Dated: November 26, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that on   November 26, 2007, I electronically filed *State Defendants' Response to Plaintiff's Request for Production of Documents* with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

>Daniel L. McKenty
>Heckler & Frabizzio, P.A.
>800 Delaware Avenue, Suite 200
>P. O. Box 128
>Wilmington, DE 19899

I hereby certify that on  November  26, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant:

>Richard C. Hunt, Inmate
>SBI #274714
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>**STATE OF DELAWARE**
>**DEPARTMENT OF JUSTICE**

>  /s/ Catherine Damavandi_____
>Catherine Damavandi (ID # 3823)
>Deputy Attorney General
>State of Delaware
>Department of Justice
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8400
>Attorney for State Defendants