Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 878467 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Murphy v. Kearney
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Jon R. MURPHY, Plaintiff,
v.
Rick KEARNEY, Susan Rickards, Barbara Showell, and Correctional Medical Services, Defendants.
**No. Civ.03-554-SLR.**

April 19, 2004.

Jon R. Murphy, Eastern Correctional Institution, Westover, Maryland, Plaintiff pro se.
Stuart B. Drowos, Deputy Attorney General, State of Delaware Department of Justice, Wilmington, Delaware, for Rick Kearney.
Steven F. Mones, McCullough & McKenty, P.A., Wilmington, Delaware, for Susan Rickards and Barbra Showell.
Kevin J. Connors, Marshall, Dennehy, Warner, Coleman & Goggin, Wilmington, Delaware, for Correctional Medical Services.

MEMORANDUM OPINION
ROBINSON, Chief J.

### I. INTRODUCTION

**\*1** On June 10, 2003, Jon R. Murphy, a *prose* plaintiff proceeding in *formapauperis,* filed the present action pursuant to 42 U.S.C. § 1983, against defendants Rick Kearney, Susan Rickards, Barbara Showell, and Correctional Medical Services ("CMS"), alleging claims predicated upon inadequate medical treatment. (D.I. 1, 2 at 3). When plaintiff filed his complaint, he was a Delaware prison inmate incarcerated at the Sussex Correctional Institute ("S.C.I.") in Georgetown, Delaware. (D.I.2) Currently, plaintiff is being held at the Eastern Correctional Institution in Westover, Maryland. (D.I.28) Plaintiff seeks damages in the amount of $350,000. (D.I. 2 at 4) The court has jurisdiction over the instant suit pursuant to 28 U.S.C. § 1331.

On August 18, 2003, plaintiff submitted a motion to set aside/stay proceedings. (D.I.11) The court responded to plaintiff's motion on August 19, 2003, with a notice of deficiency stating that plaintiff had failed to provide an original signature on the motion, and the motion was improperly captioned for two separate cases. (D.I.12) In addition, plaintiff failed to provide proof of service upon defendants. (*Id.*) On August 27, 2003, the court received another motion to set aside/stay proceedings with an original signature and certificate of service. (D.I.11) On October 2, 2003, defendant CMS submitted a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I.19) The court granted plaintiff's motion to set aside/stay proceedings for a period of ninety (90) days on October 6, 2003. (D.I.21) The court also ordered plaintiff to notify the court in writing within ninety (90) days of whether he had exhausted his administrative remedies. (*Id.*) On October 7, 2003, defendants Susan Rickards and Barbara Showell filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (D.I.22) On October 14, 2003, attorney Steven Mones filed an affidavit in connection with defendants' motion to dismiss, which was included as exhibit six. (D .I. 24) Defendant Kearney filed a motion to dismiss on December 19, 2003. (D.I.25, 26) On January 5, 2004, the court sent a letter of rejection to plaintiff for failure to provide proof of service on all local counsel of record regarding plaintiff's notice of status. (D.I.27) Plaintiff requested a notification of status and an extension/continuance to set aside/stay proceedings in order to pursue his remedies in the lower court on February 6, 2004. (D.I.29) On February 12, 2004, the court denied plaintiff's status report and ordered plaintiff to respond to all pending motions to dismiss by March 26, 2004. (D.I.30) The court also ordered defendants to file reply briefs by April 4, 2004. (*Id.*) Finally, on February 27, 2003, plaintiff filed an untimely response to defendants' motions to dismiss. (D.I.31) For the reasons that follow, the court grants defendants' motions to dismiss.

### II. BACKGROUND

**\*2** While incarcerated in S.C.I., plaintiff alleges that he suffered from a herniated disk in his back. (D.I. 2 at 3) On May 24, 2003, plaintiff submitted a medical grievance stating: "I have been to medical (six) times. I am getting the 'runaround[.]' I am no longer in the key program. I have a herniated disk in my spine."(D.I.2) Plaintiff claims the problem existed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 878467 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

before his incarceration and grew worse during the term of his incarceration.(*Id.*) Plaintiff also describes his pain as severe. (*Id.*) He asserts that he requested a bottom bunk on the bottom floor, but that his requests have been denied. (*Id.*) In addition, plaintiff contends that he has been x-rayed and that these x-rays confirm his condition. (*Id.*) Plaintiff further states that he has complained about his herniated disk to the medical department, but the medical department told him that nothing was wrong. (D.I. 2 at 3)

### III. STANDARD OF REVIEW

Because the parties have referred to matters outside the pleadings, defendants' motions to dismiss shall be treated as motions for summary judgment. *See*Fed.R.Civ.P. 12(b)(6). A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See*Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986)."Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' " Matsushita, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See*Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### IV. DISCUSSION

#### A. Defendants' Motions to Dismiss For Failure to Exhaust Administrative Remedies

**\*3** Defendants Kearney, Showell, and Rickard argue that plaintiff did not exhaust his administrative remedies prior to filing this action. (D.I. 22 at ¶ 10; D.I. 26 at ¶ 5) Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, "no action shall be brought with respect to prison conditions under § 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."A plaintiff-inmate, therefore, must exhaust his administrative remedies before filing a civil action, even if the ultimate relief sought is not available through the administrative process. *See*Booth v. Churner, 206 F.3d 289, 300 (3d Cir.2000); *seealso*Ahmed v. Sromovski, 103 F.Supp.2d 838, 843 (E.D.Pa.2000) (quoting Nyhuis v. Reno, 204 F .3d 65, 73 (3d Cir.2000)). In order for § 1997e to apply, however, two requirements must be met. First, a prisoner's complaint must concern prison conditions. Prison conditions are defined as conditions with respect to the conditions of the confinement. *See*18 U.S.C. § 3626(g)(2). The Third Circuit has interpreted this language to relate "to the environment in which prisoners live, the physical conditions of that environment, and the nature of the services provided therein."Booth, 206 F.3d at 294.

Second, the department of correction must have an administrative procedure in place to remedy prisoner complaints. The State of Delaware has an established and comprehensive Inmate Grievance Review System. The Inmate Grievance Procedure states that "[e]very inmate will be provided a timely, effective means of having issues brought to the attention of those who can offer administrative remedies before court petitions can be filed."State of Delaware Department of Correction Procedure Manual, Procedure Number 4.4, § II (revised May 15, 1998). The procedure creates a three-step grievance process with two levels of appeal. *Id.* at § V. To exhaust all available administrative remedies, a prisoner must complete all stages of review or take part in the appeals process. The procedure also provides for medical grievances.

Delaware Department of Correction administrative

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 878467 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

procedures provide that medical grievances be submitted to the [Inmate Grievance Chair], who will forward the grievance to the medical service contractual staff for review. The medical services contractual staff will attempt informal resolution of the matter. If such resolution fails, a Medical Grievance Committee ("MGC") hearing will be conducted, which hearing will be attended by the grievant and the [Inmate Grievance Chair]. If the matter is resolved at that stage, the case is closed; otherwise, the grievant is directed to complete the MGC Appeal Statement section of the written grievance and forward it to the [Inmate Grievance Chair].

Smullen v. Kearney, Civ.A.No.02-082-SLR, 2003 WL 21383727, *2 (D.Del.2003) (quoting Department of Correction Policy 4.4).

**\*4** In the case at bar, plaintiff submitted a medical grievance on May 24, 2003 complaining of a herniated disk in his back. (D.I.2) On June 6, 2003, defendant Showell responded to plaintiff's grievance in accordance with procedures outlined for medical grievances, stating: "Your x-ray showed no herniation (hernias can repair). You refused medication and you do not meet the bottom floor or bunk criteria. Return to sick cell if you have continued or worsened symptoms."(*Id.*) There is no evidence of record to determine whether plaintiff pursued his grievance before the Medical Grievance Committee or whether he completed an appeal. There is likewise no evidence showing that plaintiff filed additional grievances concerning his back condition. Due to the lack of evidence of record to support a finding that plaintiff exhausted his administrative remedies, the court finds that plaintiff failed to exhaust his administrative remedies and grants defendants' motions to dismiss based on this ground.

B. Defendants' Motions to Dismiss on Respondeat Superior Liability Grounds

Assuming that plaintiff exhausted his administrative remedies, the court shall consider the substance of the motions at bar. CMS contends that it is not liable for the actions of its alleged employees under the doctrine respondeat superior. (D.I. 19 at ¶ 7) Kearney likewise argues that he is being sued in his capacity as the prison warden and that the doctrine of respondeat superior may not be used. (D.I. 26 at ¶ 7) Rickards contends that she had no personal involvement in plaintiff's medical care and was merely acting in a supervisory capacity. (D.I. 22 at ¶ 16; *Id.* at ex. 10)

The Third Circuit has held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."*Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988); Monell v. Dep't. of Social Servs., 436 U.S. 658 (1978); *see*Swan v. Daniels, 923 F.Supp. 626, 633 (D.Del.1995) (applying principle to liability of private corporations that provide medical services for the State of Delaware). Personal involvement can be established through allegations of either personal direction or actual knowledge and acquiescence; however, such allegations must be made with particularity. *See*Rode, 845 F.2d at 1207.

Viewing the facts in a light most favorable to plaintiff, the court finds that plaintiff has not provided sufficient evidence to show that CMS, Kearney, or Rickard had any personal involvement with his medical treatment. Plaintiff only mentioned these defendants in the caption of his complaint and in the space provided for defendants on the third page of his complaint. (D.I.2) Plaintiff did not cite to any specific incidents where CMS, Kearney, or Rickard personally participated in his treatment or diagnosis. The court, therefore, concludes that plaintiff has failed to state a claim upon which relief can be granted.

C. Defendants' Motions to Dismiss on *Estelle* Grounds.

**\*5** Defendants allege they did not violate plaintiff's Eighth Amendment rights by providing inadequate medical treatment. To state a violation of the Eighth Amendment right to adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."*Estelle v. Gamble,* 429 U.S. 97, 106 (1976); White v. Napoleon, 897 F.2d 103, 109 (3d Cir.1990). Deliberate indifference is demonstrated when "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."Monmouth County Corral. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir.1987). In addition, either actual intent or recklessness will afford an adequate basis to show deliberate indifference. *Estelle,* 429 U.S. at 105.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d												Page 4
Not Reported in F.Supp.2d, 2004 WL 878467 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."*Pace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J.1979). A prison official may be found to have violated an inmate's Eighth Amendment rights only if the official knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *SeeFarmer v. Brennan,* 511 U.S. 825, 837 (1994).

Moreover, mere medical malpractice is insufficient to present a constitutional violation. *Estelle,* 429 U.S. at 106;*Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir.1993). Prison authorities are given extensive liberty in the treatment of prisoners. *SeeInmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979); *seealsoWhite v. Napoleon,* 897 F.2d 103, 110 (3d Cir.1990) ("Certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness."). The proper forum for a medical malpractice claim is in state court under the applicable tort law. *Estelle,* 429 U.S. at 107.

The court finds that plaintiff is unable to satisfy the *Estelle* test. Plaintiff has not provided sufficient evidence to show that he had a serious medical condition. In his response to the instant motions, plaintiff provided a medical report dating June 19, 1991, stating "the MRI shows a herniated nucleus pulposus to the left at C5-6."(D.I.31) However, this report is dated twelve years prior to the more recent x-ray report which was evaluated on June 6, 2003 by Showell. (D.I.2) The latest x-ray report showed no signs of a herniated disk in plaintiff's back. (*Id.*) Plaintiff also stated that he saw a doctor a week prior to February 6, 2004, but failed to provide any report from the doctor verifying that plaintiff had a herniated disk that required medical attention. (D.I. 31 at ex. C) The court, therefore, finds that plaintiff fails to meet the "serious need" requirement to state a claim for inadequate medical care.

*\*6* The court also finds that plaintiff has failed to allege facts sufficient to show that defendants were deliberately indifferent. CMS, Kearney, and Rickards were not personally involved with plaintiff's treatment, as mentioned above. (D.I. 19 at ¶ 7, D.I. 26 at ¶ 7, D.I. 22 at ¶ 16; *Id.* at ex. 10) These defendants, consequently, could not have acted with deliberate indifference with respect to plaintiff's medical condition. Although Showell did provide medical care to plaintiff, there has been no evidence presented to show that she knew of and disregarded the risk to plaintiff's health posed by his alleged herniated disk. Showell examined plaintiff's x-ray and did not find any indication of a herniated disk. (D.I.2) Showell did not provide any medication to plaintiff because plaintiff refused all medication. (D.I. 22 at ex. 8) She advised plaintiff, however, that he did not meet the criteria for a bottom bunk on the bottom level and told him to return to the sick cell if the pain continued or the symptoms worsened. (D.I.2) Therefore, the court grants Kearney's, Rickards's, Showell's, and CMS's motions to dismiss for inadequate medical care.

V. CONCLUSION

For the reasons stated, defendants' motions to dismiss for failure to state a claim are granted. (D.I.19, 22, 25) An appropriate order shall issue.

D.Del.,2004.
Murphy v. Kearney
Not Reported in F.Supp.2d, 2004 WL 878467 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.