Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Gregory v. PHS Inc.  
D.Del.,2001.  
Only the Westlaw citation is currently available.  
United States District Court, D. Delaware.  
William GREGORY, Plaintiff,  
v.  
PHS INC., Mr. Fish, (Dir.MPCJF), Dr. Ivens, (Med.Dir.), Stanley Taylor (Comm.Doc), and Warden Williams (MPCJF), et al, Defendants.  
**No. Civ.A. 00-467-SLR.**

Sept. 21, 2001.

William Gregory, MPCJF, Wilmington Delaware. pro se.  
Seth J. Reidenberg, Esquire, White and Williams, Wilmington, Delaware, for Defendants PHS Inc., Mr. Fish and Dr. Ivens.  
Ophelia M. Waters, Deputy Attorney General, State of Delaware Department of Justice, Wilmington, Delaware, for Defendants Taylor and Williams.

MEMORANDUM OPINION  
ROBINSON, Chief J.

I. INTRODUCTION

**\*1** On May 8, 2000, *prose* plaintiff William Gregory filed a civil rights action pursuant to 42 U.S.C. § 1983, asserting that defendants PHS, Inc., Mr. Fish, Dr. Ivens, Stanley Taylor, and Warden Williams [FN1] violated his constitutional rights by: (1) failing to properly treat a cut on his elbow caused by the teeth of another inmate; and (2) failing to administer an HIV test. (D.I.2) Plaintiff seeks to hold defendants responsible for any future medical problems, mental anguish he has suffered and to compel them to administer the "proper blood work." (*Id.*)

> FN1. According to plaintiff, PHS, Inc. is the company contracted to provide medical services to inmates, Mr. Fish is the Director of the Multi-Purpose Criminal Justice Facility ("M.P.C.J.F."), Dr. Ivens is Medical Director, Stanley Taylor is the Commissioner of the Department of Correction and Warden Williams is the Warden of M.P.C.J.F. (D.I.2).

On December 15, 2000, defendants PHS, Inc., Ivens and Fish ("medical defendants") filed a motion to dismiss plaintiff's complaint, arguing: (1) plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a); (2) his allegations do not rise to a constitutional level; and (3) plaintiff has failed to demonstrate any personal involvement by defendants. (D .I. 14) On December 18, 2000, plaintiff filed a motion for the appointment of counsel. (D.I.15) Defendants Taylor and Williams ("state defendants") moved to dismiss on December 27, 2000, asserting: (1) plaintiff did not exhaust his administrative remedies: and (2) under Fed.R.Civ.P. 12(b)(6), plaintiff has failed to state a claim upon which relief can be granted. (D.I.16) Plaintiff has not filed opposition to either motion. For the reasons discussed below, medical defendants' motion to dismiss is granted, state defendants' motion is granted, and plaintiff's motion for appointment of counsel is denied.

II. FACTS

According to plaintiff, while in the yard he was cut on the elbow by the tooth of another inmate. (D.I.2) He was taken to the medical ward where a nurse washed the wound and then applied steri-strips to close the cut. Although HIV is "rampant in the system," plaintiff was not given an HIV test. (*Id.* at 3) He further complains of not receiving stitches even though the nurses recommended them. Plaintiff indicates he filed a grievance pursuant to the prisoner grievance system, but never received an HIV test and his "cut wasn't treated to as they promised."(*Id.* at 2)

III. STANDARD OF REVIEW

Since medical and state defendants have referred to matters outside the pleadings, their motions shall be treated as ones for summary judgment. *See*Fed.R.Civ.P. 12(b)(6); *Camp v. Brennan,* 219 F.3d 279, 280 (3d Cir.2000) (consideration of matters beyond the complaint converts a motion to dismiss into a motion for summary judgment). A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law."Fed.R.Civ.P. 56(c). The moving party

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01417-GMS    Document 70-4    Filed 12/03/2007    Page 2 of 5

Not Reported in F.Supp.2d                                                Page 2
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

bears the burden of proving that no material issue of fact is in dispute. See *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assur. Co.,* 57 F.3d 300, 302 n. 1 (3d Cir.1995). If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of some evidence in support of the party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. See *Anderson nonmoving v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986). This court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt,* 63 F.3d 231, 236 (3d Cir.1995); *Pacitti v. Macy's,* 193 F.3d 766, 772 (3d Cir.1999).

### IV. DISCUSSION

#### A. Exhaustion of Administrative Remedies

**\*2** Medical and state defendants contend plaintiff did not exhaust his administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and accordingly, his complaint must be dismissed. (D.I. 14 & 16) The Prison Litigation Reform Act provides that

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

(Amended by Pub.L. 104-134.Title I, § 101(a), 110 Stat, 1321-71(1996)). Before filing "a civil action with respect to prison conditions,"[FN2] a plaintiff-inmate must exhaust his administrative remedies, even if the ultimate relief sought is not available through the administrative process. *Booth v. Churner,* 206 F.3d 289, 294-95 (3d Cir.2000), *aff'd,* 531 U.S.956, 121 S.Ct. 1819 (2001). The United States Supreme Court has concluded that exhaustion of administrative remedies is required "as long as [the] grievance tribunal has the authority to take some action in response to the inmate's complaint."*Booth v. Churner,* 531 U.S. at ___, 121 S.Ct. at 1821.

> FN2. The term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement of the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. 18 U.S.C. § 3626(g)(2).

Although the Supreme Court has specifically mandated exhaustion prior to commencement of a civil rights action, the Court has been silent on whether the plaintiff must affirmatively demonstrate exhaustion at the time of instituting the action or whether the defendant must raise the issue as an affirmative defense. The PLRA itself does not specifically state which party bears the burden. *Freeman v. Snyder,* Civ.A.No. 98-636-GMS, 2001 WL 515258 (D.Del. April 10, 2001).

While other circuits have ruled on this issue, the Third Circuit [FN3] has not yet articulated whether the PLRA exhaustion requirement is an affirmative defense or a condition precedent to filing. *Ahmed v. Sromovski,* 103 F.Supp.2d 838, 842 n. 13(E.D. Pa 2000). The Third Circuit has determined, however, that the PLRA's exhaustion requirement is not jurisdictional.*Nyhuis v. Reno.* 204 F.3d 65, 69 n. 4 (3d Cir.2000). And "[c]ompliance with the administrative remedy scheme will be satisfactory if it is substantial."*Id.* at 77-78.

> FN3. Specifically, the Sixth Circuit has interpreted the PLRA with a condition precedent, whereby the prisoner must allege and show he has exhausted all administrative remedies prior to bringing suit. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.1998), *cert.denied*525 U.S. 833 (1998). Accordingly, a prisoner must submit, along with his § 1983 complaint, the administrative decision, if it is available,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 3
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

showing the administrative disposition of his claims or specifically detail the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000), *certdenied* 531 U.S. 1040 (2000). District courts in the Sixth Circuit are directed to enforce the exhaustion requirement *suasponte* if not raised by the defendant. *Brown.* 139 F.3d at 1104; *Curry v. Scott,* 249 F.3d 493, 502 (6th Cir.2001).
In contrast, the Seventh Circuit has concluded that Section 1997e(a) creates an affirmative defense. *Perez v. Wisconsin Department of Corrections.* 182 F.3d 532 (7th Cir.1999); *Massey Helman,* 196 F.3d 727 (7th Cir.1999), *cert.denied* ___ U.S. ___, 121 S.Ct 2214 (2001). Following the path created by the Seventh Circuit, other courts have imposed the affirmative defense on defendants when there is silence in their circuits.*Jackson v. District of Columbia,* 89 F.Supp.2d at 56;*Freeman v.. Snyder,* 2001 WL 515258 at *5 (the court holds that prisoner's failure to exhaust administrative remedies before filing a claim constitutes an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, rather than a precondition to suit.) *Compare Ahmed v. Sromovski,* 103 F.Supp.2d 83 (E.D. Pa 2000) (notes that the Third Circuit has not defined whether it is a defense or a condition precedent, but does not reach the issue). This court finds the reasoning of the Seventh Circuit persuasive. Moreover, considering the Third Circuit's conclusion that failure to exhaust does not deprive a federal court of subject matter jurisdiction, *Nyhuis v. Reno,* 204 F.3d at 69, supports the conclusion that exhaustion under § 1997e(a) is an affirmative defense. *AccordFreeman v. Snyder,* 2001 WL 515258 at *5.

In *Bowers v. Mounet,* Civ.A.No. 99-533-JJF, the court was faced with an issue similar to that presented at bar. There, plaintiff claimed to have filed a grievance regarding his medical complaints, but he did not receive anything in response. *Id.* at *2. Neither plaintiff nor defendants attached plaintiff's grievance nor were any documents submitted regarding the grievance. Nonetheless, the court did not dismiss plaintiff's complaint for failure to exhaust administrative remedies because
it [was] clear from Plaintiff's Original Complaint that Plaintiff filed his grievance on or prior June 21, 1999. (D.I.2) This means that the grievance was filed almost two years before Defendant Marvel refiled the instant motion, and that prison authorities have not responded. Although the relevant grievance procedures have not been included as part of the record in this case, it is safe to assume that such a lengthy delay in handling Plaintiff's grievance exceeded the amount of time allowed for prison authorities to respond under said grievance procedure.

***3***Id.* at *2.

Although there is no record evidence of such, the medical defendants at bar concede that plaintiff filed a grievance.[FN4] Plaintiff's complaint was filed on May 8, 2000. Medical defendants moved to dismiss on December 14, 2000 (D.I.13), and state defendants moved for dismissal on December 27, 2000. (D.I.16) There has been nothing introduced to the court subsequently to indicate a response by medical or prison officials. Considering the grievance procedure mandates prompt resolution of claims (D.I. 14, Ex. B, A-3 ¶ 4; A-4 ¶ 10,A-5, A-6), it is reasonable to conclude that the time afforded to respond has expired.

> FN4. According to the affidavit of a Department of Correction secretary, plaintiff "did not file a medical grievance stating he wanted to make an appointment with the doctor for additional medical treatment."(D.I.16) This secretary does not aver to be a grievance officer or to possess any of the responsibilities of a grievance officer, nor does she claim to have searched for records for any grievance filed by plaintiff. Although she is a senior secretary, she does not claim to be charged with logging or maintaining grievance logs. Further, she is not a member of the medical staff who would see a grievance after being documented by the grievance chairperson, nor is she a member of the grievance committee, which should have held a hearing if efforts to resolve the problem informally failed. Consequently, the affidavit does not adequately establish that plaintiff failed to follow the grievance procedure.

Consistent with *Bowers,* the court shall not dismiss

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

for failure to exhaust administrative remedies and instead will turn to the substantive issues. *Cf.Chapman v. Brewington-Carr,* C.A.No. 97-271-JJF, slip op. at 3-6 (D.Del. May 1, 2001) (court held dismissal for failure to exhaust inappropriate where prison authorities completely ignored prisoner's grievance).

B. Eighth Amendment: Medical Care

Plaintiff's assertions of inadequate medical care invoke the Eighth Amendment. Under the Eighth Amendment, the States have a duty to provide "adequate medical care to those it is punishing by incarceration."*West v. Keye,* 571 F.2d 158, 161(3d Cir.1978). To hold a prison official liable for violating a prisoner-plaintiff's Eighth Amendments rights, the plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."*Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *accordWhite v. Napoleon,* 897 F.2d 103, 109 (3rd Cir.1987).

The seriousness of a medical need may be demonstrated by showing that the need is " 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." ' *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987) (*quotingPace v. Fauver,* 479 F.Supp. 456, 458 (D.N.J.1979)). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*

As to the second requirement, a prison official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. *Seeid. at 346.*Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if a prison official bars access to a physician capable of evaluating a prisoner's need for medical treatment. *Seeid. at 347.*However, a prison official's conduct does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know ... of and disregard ... an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference."*Farmer v. Brennan,* 511 U.S. 825, 837 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the prison official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."*Id at 842.*

**\*4** As noted above, it is undisputed that plaintiff was cut by the teeth of another inmate while in the yard. (D.I.2) The medical notes reflect the wound was cleaned and TYLENOL was given for pain. (D.I.16, Ex. B) Defendant Dr. Ivens was "contacted".*Id.* About two hours later, steri-strips were applied and plaintiff was instructed to "minimize flexing of [his] arm." *Id.* The following day, plaintiff was given a Diptherea-Tetanus shot. This is the last entry in the medical notes related to this injury.

While plaintiff states a nurse applied the treatments, he does not name this individual as a defendant. Instead, the medical notes refer to only one named defendant-Dr. Ivens. *Id.*Still, plaintiff does not assert any complaints about the care provided by Dr. Ivens. The medical notes reflect treatment, medication and follow-up care were provided. The record is devoid of facts suggesting defendant Ivens acted with deliberate indifference to a serious medical condition. The decision of whether to test for HIV is a medical determination left to the discretion of a physician and not the court. Accordingly, the court grants defendant Ivens' motion for summary judgment.

C. Respondeat Superior

Turning to the remaining defendants, plaintiff's theory of liability is premised on the doctrine of respondeat superior since all of the defendants hold a supervisory position and are not addressed with particularity in the complaint. Section 1983 actions, however, do not recognize liability under a theory of respondeat superior. *SeeDurmer v. O'Carroll,* 991 F.2d 64, 69 n. 14 (3d Cir.1993). Thus, a private entity cannot be vicariously liable for its employees' deprivations of other's civil rights. *SeeRouse v. Plantier,* 182 F.3d 192, 200 (3d Cir.1999). Private corporations dispensing medical services can be held liable, however, for a "policy" or "custom" that demonstrates deliberate indifference. *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978). In order to hold PHS liable, therefore,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 5
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

plaintiff must show that PHS has an established "policy" or "custom" that resulted in a deliberate indifference to plaintiff's serious medical needs. See *Lawson v. Correctional Officer Burns,* Civ.A.No. 94-0780, 1994 WL 583264, at *2 (E. D.Pa. Oct. 24, 1994).

The essence of plaintiff's complaint is that his cut was not properly treated and he was not given an HIV test. Assuming it was PHS personnel who made the decision not to provide further treatment and not to administer an HIV test, the question is whether this decision constitutes a "policy" or "custom" that demonstrates a deliberate indifference to serious medical needs. Plaintiff admits that he was examined and received treatment for his cut, although not the treatment he deems most appropriate. The decision not to use stitches, therefore, is not a "policy" or "custom", as those terms are commonly understood,[FN5] but merely a disagreement over the course of medical treatment which does not rise to a constitutional issue. Indeed, courts grant prison authorities a significant amount of "latitude in the diagnosis and treatment of prisoners." *Durmer,* 991 F.2d at 67. Accordingly, plaintiff's claim against PHS shall be dismissed.

> FN5. A "policy" is a course of action meant to determine future decisions, while a "custom" is a course of action customarily repeated.

**\*5** Turning to defendants Fish, Taylor, and Williams, plaintiff proffers no specific allegations of alleged misconduct. He never mentions them in the body of his complaint. (D.I.2) Given that each is a supervisor, it is evident he wishes to hold them liable in their supervisory positions. However, supervisors cannot be held liable for actions conducted in their supervisory roles. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988). Therefore, summary judgment for these defendants is appropriate.

### D. Motion for Appointment of Counsel

Plaintiff contends appointment of counsel is warranted since the case is complex, he is unskilled in the law and it is likely he will prevail on the merits. (D.I.15) A *prose* litigant proceeding *informapauperis* has no constitutional nor statutory right to representation by counsel. See *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981). Typically, *prose* litigants are afforded counsel, if at all, only after a threshold evaluation of the merits of their case. See *Tabron* at 155. In light of the court's finding that summary judgment is appropriate for all defendants, plaintiff's motion for appointment of counsel is denied.

### V. CONCLUSION

For the reasons stated, defendants' motions shall be granted. An appropriate order shall issue.

### ORDER

At Wilmington this 21st day of September, 2001, consistent with the memorandum opinion issued this date;

IT IS ORDERED that:

1. Defendants' motions to dismiss (D.I.13, D.I.16) are granted.

2. Plaintiff's motion for appointment of counsel (D.I.15) is denied.

3. The Clerk is directed to enter judgment in favor of defendants and against plaintiff.

D.Del.,2001.
Gregory v. PHS Inc.
Not Reported in F.Supp.2d, 2001 WL 1182779 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.