IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD C. HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-1417-***-MPT |
| | ) GMS |
| FIRST CORRECTIONAL MEDICAL | ) |
| SERVICES, STAN TAYLOR, DEPUTY | ) |
| WARDEN RAPHAEL WILLIAMS, | ) |
| and BRIAN EMIG, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, Richard C. Hunt ("Hunt"), who proceeds *pro se*, filed a motion seeking injunctive relief for immediate medical treatment. (D.I. 61.) More particularly, he asks to be taken to the nearest hospital for medical care for treatment of recurring problems with his jaw. The defendant, First Correctional Medical ("FCM"), and the State defendants, Stan Taylor, Raphael Williams, and Brian Emig (collectively "State defendants"), oppose the motion on the basis that it was filed in error and, alternatively, that Hunt has not met the requisites for injunctive relief. (D.I. 64, 65.)

**II. STANDARD**

When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. *Maldonado v. Houstoun*,

157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)(quoting *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985).

**III. DISCUSSION**

All defendants contend that the document filed by plaintiff was mistakenly docketed as a motion for temporary restraining order. They explain that when Hunt was deposed he indicated that he had notes regarding his medical treatment, defendants asked for copies of the notes, and later received copies of the notes as promised by plaintiff. The defendants believe that the filed documents were in response to defendants' requests for the documents. Alternatively, the defendants ask the court to deny the motion on its merits and contend that plaintiff failed to meet any of the factors required for injunctive relief.

It does appear that the documents filed by Hunt were in response to the defendants' requests for the documents. It also seems that Hunt seeks medical treatment for an injury to his jaw that occurred in 2004. Nonetheless, the documents submitted to the court indicate that Hunt has received medical treatment, and continues to receive treatment. Indeed, as recently as September 10, 2007, he submitted a request for medical care and was referred to a physician.

Given the exhibits submitted to the court and Hunt's argument, he has not demonstrated the likelihood of success on the merits. Moreover, there is no indication that, at the present time, Hunt is in danger of suffering irreparable harm. Hunt has neither demonstrated the likelihood of

success on the merits, nor has he demonstrated irreparable harm to justify the issuance of immediate injunctive relief.

## IV. CONCLUSION

Based upon the foregoing, and having considered Hunt's motion for temporary restraining order and the papers submitted thereto, the motion (D.I. 61) is **DENIED**.



CHIEF, UNITED STATES DISTRICT JUDGE

DATED: Feb 25, 2008

FILED

2 5

U.S. DISTRICT COURT
DISTRICT OF DELAWARE